UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :

MARINO ORTEGA,
      a/k/a "Alex Ortega,"

                          13-CR-814 (JMF)
                Petitioner,            18-CV-6398 (JMF)

        -v-                          MEMORANDUM OPINION
                               AND ORDER

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner Marino Ortega, also known as Alex Ortega, was convicted, following a guilty plea, of participating in a Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951, and sentenced principally to 151 months' imprisonment. (Docket No. 40).[1] Proceeding *pro se*, he now moves, pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence, appearing to allege, among other things, that he received ineffective assistance of counsel, that his sentence was unlawful for several reasons, and that the interstate commerce element of his plea was not satisfied. (Docket No. 75).

      Substantially for the reasons set forth in the Government's opposition (Docket No. 77), Ortega's motion is denied. First, Ortega's motion is untimely, as his conviction became final in 2014 and he did not file the motion until July 12, 2018. *See* 28 U.S.C. § 2255(f)(1) (providing that a Section 2255 motion must generally be filed within one year of "the date on which the judgment of conviction becomes final").[2] Second, Ortega alleges no facts in support of his claim of

---

[1]     All docket citations are to the criminal case, 13-CR-841 (JMF).

[2]     In 2016, the Federal Defenders of New York filed a Section 2255 motion on Ortega's behalf seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docket No. 63). But

ineffective assistance of counsel, but merely cites relevant legal authority and asserts in conclusory fashion that his counsel was ineffective. *See, e.g.*, *Belloso-Ibarra v. United States*, No. 09 CIV. 8216 (SAS), 2010 WL 431904, at *5 (S.D.N.Y. Feb. 8, 2010) (denying ineffective assistance claims brought pursuant to Section 2255 "summarily" where the defendant "fail[ed] to assert any facts in support" of the claims (citing cases)). And finally, all of Ortega's remaining claims are precluded by his valid waiver of the right to appeal or otherwise attack any sentence below 188 months' imprisonment. *See, e.g.*, *Fernandez v. United States*, No. 12-CR-445 (JMF), 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) ("The Second Circuit has repeatedly — and emphatically — held that a defendant's knowing and voluntary waiver of the right to appeal [or collaterally attack] a sentence is generally valid and enforceable." (citing cases)).

Ortega has not made a substantial showing of the denial of a constitutional right, so a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Additionally, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close Docket No. 18-CV-6398, to terminate Docket No. 75 in 13-CR-841, and to mail a copy of this Memorandum Opinion and Order to Ortega.

SO ORDERED.

Date: November 28, 2018
New York, New York

JESSE M. FURMAN
United States District Judge

---

that motion was voluntarily dismissed on April 7, 2017 (Docket No. 73), so even if the limitations period was tolled during its pendency, Ortega's current motion would be untimely.